**JOE M. FIAUI, Claimant**

**v.**

**NIUMALELEGA K. SEMAIA and MALIA SHIMASAKI,**
**Counter-Claimants**

**[In the Matter of the Matai Title PAOPAOAILUA**
**of the Village of Aua]**

High Court of American Samoa
Land and Titles Division

MT No. 1-92

April 28, 1993

Before KRUSE, Chief Justice, TAUANU'U, Chief Associate Judge, AFUOLA, Associate Judge, MAILO, Associate Judge, and LOGOAI, Associate Judge.

Counsel: For Claimant, Aumoeualogo Salanoa Soli
For Counter-Claimants, Gata E. Gurr

Following a series of family meetings, Joe M. Fiaui filed, with the Office of the Territorial Registrar, his claim to succession to the matai title "Paopaoailua," pertaining to the Village of Aua. Niumalelega K. Semaia and Malia Shimasaki subsequently filed objections and their respective counter-claims to succession. After the Secretary of Samoan Affairs issued a certificate of irreconcilable dispute pursuant to A.S.C.A. § 43.0302, the matter was referred to the Lands and Titles Division of the High Court. Malia Shimasaki withdrew her objection and counter-claim in open court. We proceeded to trial upon the remaining claims to succession.

In these matters, the court is guided by the four criteria set out in A.S.C.A. § 1.0409(c): (1) best hereditary right; (2) clan support; (3) forcefulness, character and personality, and knowledge of Samoan customs; and (4) value to family, village, and country.

### FINDINGS

#### 1. Hereditary Right

Fiaui claims 50% entitlement; his father was the previous titleholder. Niumalelega claims 6.25% entitlement, claiming that his great-great-grandfather was the original titleholder. Measured according to the method which the Court has traditionally used to evaluate heredity, Fiaui prevails because he can show the shortest descent path to a past titleholder. However, Niumalelega, claiming the better right of entitlement, contends that Fiaui's ancestral roots derive from a titleholder who was adopted.

*In re Matai Title Paopaoailua*, LT No. 496-67 (1970), established that Fiaui's branch of the family is entitled, as Fiaui's father, Fiaui, Sr., prevailed in that case. We accordingly hold that candidate Fiaui is entitled to succeed and find on the evidence that he has a heredity claim of 50%. He thus prevails over Niumalelega on this issue.

#### 2. Wish of the Clans

We find on the evidence that at the very first family meeting held to select a successor matai, a clear consensus was reached selecting Fiaui to succeed his aging and infirm father, Paopaoailua Fiaui, Sr. At the conclusion of the meeting, Fiaui took the kava cup without objection from anyone. Even candidate Niumalelega held out in support of Fiaui,

8

as he had also participated in the kava ceremony. Following the family meeting, Fiaui accordingly applied to the Territorial Registrar to have the Paopaoailua title registered in his name. His application, however, was met with the subsequent objection of Niumalelega (as well as Malia Shimasaki); he had changed his mind about the outcome of the family's deliberations. This gave rise to a number of further family meetings to address Niumalelega's objection. The evidence is clear that even at these later meetings, Fiaui continued to hold the overwhelming weight of family opinion. We find that Fiaui has, at the very least, the support of the majority of the clans of the family.

3. *Forcefulness, Character and Personalty, and Knowledge of Samoan Customs*

In our evaluation of the parties, we find both candidates to be about equal on the question of forcefulness, character and personalty. As to knowledge of Samoan customs, both candidates fared roughly equal in their responses to the examination by the Associate Judges, with neither candidate appearing particularly impressive in this regard.

4. *Value to Family, Village, and Country*

Both candidates have been actively involved in both family and village concerns, including service to the church. While Fiaui has mostly worked in government service, Niumalelega has dedicated his career to private sector employment. In their own chosen fields, they have each contributed to the general well-being of the territory. Fiaui, however, impresses us as having the better leadership potential. He not only commands widespread support and following within the family, but he also has the stronger background in training and work experience. We find Fiaui to be better suited to head the family and rate him ahead of Niumalelega on this last criterion.

## CONCLUSIONS

Based on the foregoing, we hold that Joe M. Fiaui is qualified to hold the title Paopaoailua. He prevails over Niumalelega K. Semaia on the first, second and fourth criteria. The Territorial Registrar shall accordingly register the Paopaoailua title from the Village of Aua in candidate Joe M. Fiaui, in accordance with the requirements of A.S.C.A. § 1.0409(b).

It is so ordered.